UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

05-11921 WGY

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION,                  )
                             )
        Plaintiff,           )          Civil Action No.
                             )
v.                           )   MAGISTRATE JUDGE Bowler
                             )
                             )          COMPLAINT AND
HOME DEPOT USA, INC.,        )          JURY TRIAL DEMAND
                             )
        Defendant.           )
_____)

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the bases of race discrimination and retaliation and to provide appropriate relief to Mark Reid who was adversely affected by such unlawful practices. As alleged with greater specificity below, the Equal Employment Opportunity Commission alleges that Mr. Reid was subjected to a hostile work environment by Home Depot U.S.A., Inc. based on his race, African American. Additionally, the Commission alleges that Mr. Reid was discharged in retaliation for complaining about the hostile work environment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) and 2000e-6 ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981a.

2. The alleged unlawful employment practices were committed within the jurisdiction of the United States District Court for the District of Massachusetts.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("the Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) and 707 of Title VII, 42 U.S.C. Sections 2000e-5(f)(1) and (3) and 2000e-6.

4. At all relevant times, Defendant Home Depot U.S.A., Inc. has continuously been a corporation doing business in the State of Massachusetts, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant Home Depot U.S.A., Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. Sections 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Mr. Reid filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least March 2003, Defendant has engaged in unlawful employment practices at its Saugus, Massachusetts store #2653, in violation of Section 703 of Title VII, 42 U.S.C. Section 2000e-2, by subjecting Mr. Reid to a hostile work environment based on his race, African American, which included, but was not limited to, the following:

2

    a.    Defendant's supervisors frequently made offensive remarks to Mr. Reid related to his race, such as calling him "black boy," "black man," and "black dog" when giving him work orders; making unambiguous references to Mr. Reid as a monkey; and repeatedly taunting him with the phrase "Kill Whitey";

    b.    Defendant's managers also condoned the racially derogatory comments made by Mr. Reid's co-worker about Mr. Reid and African Americans in general, such as referring to Mr. Reid as a "worthless nigger" and telling Mr. Reid that the Supreme Court had found black people to be "inferior".

    c.    The hostile work environment ultimately culminated in the termination of Mr. Reid's employment on May 26, 2004.

8.    Defendant has engaged in unlawful employment practices in violation of Section 704 of Title VII, 42 U.S.C. Section 2000e-3, by terminating Mr. Reid's employment on May 26, 2004, in retaliation for his complaints about the hostile work environment.

9.    The effect of the practices complained of above has been to deprive Mr. Reid of equal employment opportunities and otherwise adversely affect his status as an employee because of his race and because he engaged in protected activity.

10.    The unlawful employment practices complained of above were intentional.

11.    The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Mr. Reid.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in employment practices which discriminate on the bases of race and retaliation.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for African American employees and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Mr. Reid by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, front pay and reinstatement.

D. Order Defendant to make whole Mr. Reid by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E. Order Defendant to make whole Mr. Reid by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including pain, suffering and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay Mr. Reid punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

4

H.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

James L. Lee
Deputy General Counsel

Gwendolyn Y. Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L Street, N.W., 7th Floor
Washington D.C. 20507

Elizabeth Grossman
Acting Regional Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004-2112
(212) 336-3701 (phone)
(212) 336-3623 (facsimile)

Maria Salacuse
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Boston Area Office
John F. Kennedy Federal Building,
Room 475
Boston, MA 02203-0506
(617) 565-4804 (phone)
(617) 565-3196 (facsimile)

5