UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY )<br>COMMISSION, )<br> )<br>          Plaintiff, )<br> )<br>MARK A. REID, )<br> )<br>          Intervening Plaintiff, )<br> )<br>v. )<br> )<br>HOME DEPOT USA, INC., )<br> )<br>          Defendant. )<br> ) | Civil Action No<br>05-11921WGY |

## CONSENT DECREE

This action was instituted by Plaintiff, the U.S. Equal Employment Opportunity Commission (the "EEOC" or the "Commission") against Home Depot USA, Inc., (hereinafter "Defendant"), alleging that Defendant violated Section 703 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-2, when it subjected Mark Reid to a racially hostile and offensive environment which ultimately culminated in the termination of his employment.  This action further alleged that Defendant violated Section 704(a) of Title VII, 42 U.S.C. Section 2000e-3, when it terminated Mr. Reid's employment in retaliation for complaining about discriminatory treatment.

The parties agree that it is in their mutual interest to fully resolve the matter without further litigation.

The Court has examined this Decree and finds that it is reasonable and just and in accordance with the Federal Rules of Civil Procedure and Title VII.  Therefore, upon due consideration of the record herein and being fully advised in the premises, it is ORDERED, ADJUDGED AND DECREED:

## Scope of Decree

1.\quad This Decree resolves all issues and claims alleged in the Complaint filed by the Commission in this Title VII action which emanated from the Charge of Discrimination filed by Mark Reid.

2.\quad This Decree shall be in effect for a period of two years from the date it is entered by the Court.  During that time, this Court shall retain jurisdiction over this matter and the parties for purposes of enforcing compliance with the Decree, including issuing such orders as may be required to effectuate the purposes of the Decree.

3.\quad This Decree, being entered with the consent of the EEOC and Defendant, shall not constitute an adjudication or finding on the merits of the case.  By entering into this Consent Decree, Home Depot denies and does not admit, either expressly or implicitly, that it has violated any federal, state or local law, or that it has any liability under the EEOC's Complaint or the Complaint brought by the Intervenor Plaintiff.

## Relief to Mark Reid

4.\quad Within ten business days of entry of this decree, Defendant shall pay Mark Reid $125,000, subject to the terms of a separate agreement between Reid and Defendant.

5.\quad Within ten business days, Defendant shall provide Mark Reid with a neutral letter of reference which states Mr. Reid's dates of employment and position title.  All prospective

employers contacting Defendant about Mr. Reid, shall be directed to Defendant's employment verification service which will provide only the information contained in the letter of reference referenced in this paragraph.  Should prospective employers ask information beyond that which is contained in the letter of reference, Defendant shall state that it is company policy to provide only dates of employment and position titles of its former employees to prospective employers.

<u>Injunctive Relief</u>

6. Defendant is hereby enjoined from harassing, and condoning the harassment of, any employee.  The prohibited harassment includes the use of discriminatory and derogatory terms and jokes, or other verbal or physical conduct based on an individual's race, which creates an intimidating, hostile, or offensive working environment, or interferes with the individual's work performance.  Such harassment violates Title VII, which, in part, is set forth below:

> It shall be an unlawful employment practice for an employer --
>
> (1) to discriminate against any individual with respect to his ... terms, conditions, or privileges of employment, because of such individual's race ...  42 U.S.C. § 2000e-2(1).

Defendant is further enjoined from retaliating against any employee who complains of discrimination, as set forth in the following provision:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees ... because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.  42 U.S.C. § 2000e-3(a).

7. Within 120 days from the date of entry of the Decree, all salaried managerial employees within Defendant's District 26RA (which is comprised of the Watertown, Reading, Saugus, Somerville, Waltham, S. Bay/Boston and Everett Stores) and all department supervisors

at the Saugus store shall be required to attend a training program concerning discrimination in employment and prevention thereof, with a particular emphasis on harassment and retaliation, which shall last at least two hours.  The training may be by in-person presentation or some combination of in-person presentation and presentation by videotape, online program, or other similar medium.   The initial salaried managerial training shall be conducted by Defendant's Director of Employment Practices, Barbara Pennington.   In addition, within the same 120 days, any current non-managerial employees at the Saugus store (excluding department supervisors) who have not taken Home Depot's training program concerning discrimination in employment and prevention thereof within the last twelve (12) months shall be required to retake Home Depot's training program concerning discrimination in employment and prevention thereof.   In the event that Managers Phil O'Laughlin and Gary Parnham are rehired by Defendant, Defendant agree that they will attend the training program concerning discrimination in employment and prevention thereof that all new hires are required to attend.   In the second year of the Decree, Defendant shall provide the training referenced above to any managerial salaried employee and any department supervisor in the Saugus store who was promoted or hired into these positions after entry of this Decree .  Defendant will furnish EEOC with a signed attendance list, the date and duration of the training, an outline of the training conducted, and a certification of completion of the mandatory training within ten (10) business days after the training session for current managerial employees and Saugus department supervisors is held and within one week prior to the expiration of this Consent Decree records demonstrating compliance with this training for any managerial salaried employees hired after the training session for current managerial salaried employees was held.  Defendant shall specifically certify that Associate

Gretchen Lewis retook Home Depot's on-line discrimination in employment training and that David Keller was in attendance at the salaried manager training.

8. Within 30 days from the date of entry of the Decree, Defendant shall redistribute its Harassment/Discrimination policy to all employees employed within Defendant's Saugus Store.

9. Upon approval of this Decree, Defendant will post immediately in all places where notices are customarily posted for the employees within Defendant's Saugus Store, the Notice attached hereto as Exhibit A and made a part hereof. Said Notice shall be posted and maintained for the duration of the Decree and shall be signed by a responsible official of Defendant with the date of actual posting shown thereon. Should the Notice become defaced, marred, or otherwise made unreadable, Defendant will ensure that new readable copies of the Notice are posted in the same manner as heretofore specified. Within 30 days of approval of this Decree, Defendant shall forward to the EEOC's attorney of record a copy of the signed Notice attached hereto and written certification that the Notice referenced herein has been posted and a statement of the location(s) and date of posting.

### Reporting & Monitoring

10. Every six months following the entry of this Consent Decree, and continuing throughout the life of the Decree, Defendant will report in writing to the Commission's counsel of record concerning the implementation of this Decree. The report will include the following information: Copies of any formal or informal complaints of racial discrimination and/or retaliation made by any employee within the Saugus Store, including but not limited to internal complaints, administrative charges, and lawsuits, and for every complaint, whether oral or

written, the name of the complainant, and a detailed explanation of Defendant's actions taken in response to the complaint, including any investigative and corrective measures taken.

11. The Commission may monitor compliance during the duration of this Decree by inspection of Defendant's Saugus premises and records, and by interviewing its Saugus employees. Upon ten business days notice, Defendant will make available its Saugus facility for inspection and make available for inspection and copying any records or witnesses from its Saugus store.

12. The Commission and Defendant shall bear their own costs and attorneys' fees.

13. The undersigned counsel of record in the above-captioned action hereby consent to the entry of the foregoing Consent Decree.

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** | **HOME DEPOT, USA, INC.** |
| By its attorneys, | By its attorneys, |
| /s/Elizabeth Grossman_____<br>Elizabeth Grossman, Regional Attorney<br><br>/s/Maria Salacuse_____<br>Maria Salacuse, Senior Trial Attorney<br>John F. Kennedy Federal Building<br>Room 475<br>Boston, MA 02203-0506<br>(617) 565-4804 (phone) | /s/Allison Romantz_____<br>Allison Romantz<br>Morgan, Brown & Joy LLP<br>200 State Street<br>Boston, MA 02109-2605<br>Boston, MA 02109-2605<br>(617) 788-5008 (phone) |

**MARK A. REID**

By his attorney,

/s/ Laura Maslow Armand _____
Laura Maslow Armand, Esq.
Lawyers' Committee for Civil Rights
294 Washington Street, Suite 443
Boston, MA 02108
(617) 988-0613 (phone)

**SO ORDERED, ADJUDGED, AND DECREED**

Signed this _____ day of _____, 2006

_____
William G. Young, United States District Court Judge



# EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

This Notice is being posted as part of an agreement between the Equal Employment Opportunity Commission ("EEOC") and Home Depot which outlines Home Depot's obligations under Title VII of the Civil Rights Act of 1964, as amended.

Title VII prohibits employment discrimination based on race, sex, color, national origin, or religion. Unlawful discrimination can take the form of harassment based on one of these protected categories. Title VII also prohibits retaliation against individuals who have complained of or opposed discrimination.

Therefore, in accordance with the applicable law:

HOME DEPOT WILL NOT engage in any acts or practices made unlawful under Title VII.

HOME DEPOT WILL NOT tolerate racially offensive comments or conduct in the workplace.

HOME DEPOT WILL NOT retaliate against employees for complaining of or opposing discrimination.

Home Depot's Harassment/Discrimination policy provides that persons who believe that they have been subjected to unlawful discrimination may report it to a manager or to the Human Resources Manager. In addition, complaints may be made to the Company hotline at 1-800-286-4909. Home Depot will thoroughly investigate all such complaints with due regard for the privacy of the individuals involved. Any employee who knowingly retaliates against an employee who has complained of discrimination shall be subject to immediate disciplinary action, up to and including discharge.

If you have a complaint of employment discrimination or questions regarding laws prohibiting employment discrimination, you may seek assistance from the EEOC by visiting the EEOC's Boston Area Office at Government Center, John F. Kennedy Federal Building, Room 475, Boston, Massachusetts, 02203 or by calling 1-800-669-4000. General information may also be obtained on the Internet at www.eeoc.gov.

Human Resources Manager
New England Division

Date Posted: